IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10093
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN RODRIGUEZ ORTIZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:96-CR-35-1
- - - - - - - - - -
August 18, 1997

Before KING, HIGGINBOTHAM, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Juan Rodriguez Ortiz (Ortiz) appeals his conviction and
sentence for illegal re-entry following deportation in violation
of 8 U.S.C. § 1326.   Ortiz argues that he was sentenced under
§ 1326(b)(2) for a prior aggravated felony conviction and since
he was charged and pleaded guilty to § 1326(b)(1), the Government
should have alleged the prior aggravated felony in his
indictment.   Because Ortiz did not raise this issue before the

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

district court, we review for plain error.  <u>United States v.
Calverley</u>, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).  The
record does not reflect that the district court contemplated a
sentence under § 1326(b)(2).  Ortiz's indictment, plea agreement,
and Presentence Report specifically cite to § 1326(b)(1).
Further, Ortiz was advised of his maximum sentence and was
sentenced under § 1326(b)(1).  Moreover, Ortiz's 88-month
sentence did not exceed the ten-year maximum under § 1326(b)(1).
Hence, the district court did not commit plain error.

AFFIRMED.